IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:21-cr-00090-IM |
| v. | **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |
| **ANTHONY DEVALIN BRANT, JR.**, | |
| Defendant. | |

Natalie K. Wight, United States Attorney, and Peter D. Sax, Assistant United States Attorney, U.S. Attorney's Office, 1000 S.W. 3rd Ave., Suite 600, Portland, OR 97204. Attorneys for the Government.

Anthony Devalin Brant, Jr., USM #75753-065, FCI Sheridan, 27072 Ballston Rd. Sheridan, OR 97378. Pro se.

**IMMERGUT, District Judge.**

Before this Court is Defendant Anthony Devalin Brant, Jr.'s Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant's Motion to Reduce Sentence ("Mot."), ECF 61. Defendant argues that COVID-19-related conditions at Federal Correctional Institution Sheridan ("FCI Sheridan") are "extraordinary and compelling circumstances" that require a reduction in his sentence. *Id.* The Government opposes the Motion. *See* Response to Motion regarding

PAGE 1 – ORDER

Motion to Reduce Sentence ("U.S. Resp."), ECF 62. It argues that Defendant's motion does not provide individualized reasons for a reduction. *Id.* at 6–7. It also argues that a sentence reduction would be inconsistent with the sentencing factors under 18 U.S.C. § 3553(a). *Id.* at 8–11. This Court agrees with the Government and therefore DENIES Defendant's Motion to Reduce Sentence, ECF 61.

## BACKGROUND

In January 2023, Defendant pleaded guilty to a three-count superseding information charging one count of Possession with Intent to Distribute Cocaine and two counts of Money Laundering. ECF 38; ECF 44. The parties jointly recommended a 72-month sentence. Presentence Investigation Report ("PSR"), ECF 52 ¶ 15. On May 9, 2023, this Court sentenced Defendant to 72 months' imprisonment, followed by three years of supervised release. ECF 59. On August 23, 2023, Defendant moved to reduce his sentence. Mot., ECF 61. Defendant is incarcerated at FCI Sheridan, with a projected release date of April 22, 2026. U.S. Resp., ECF 62 at 4.

## DISCUSSION

This Court must construe Defendant's pro se motion liberally. *See United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020). To receive compassionate release, Defendant must show (1) that he has fully exhausted all administrative remedies; (2) that he has extraordinary and compelling circumstances; and (3) that his release is consistent with the sentencing factors under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The Government concedes that Defendant has exhausted his administrative remedies, but argues that he fails to satisfy the remaining elements. U.S. Resp., ECF 62 at 5. Because Defendant cannot meet his burden, this Court DENIES Defendant's Motion for Reduction in Sentence. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it *grants*

PAGE 2 – ORDER

compassionate release, a district court that properly *denies* compassionate release need not evaluate each step.") (italics in original).

### A. Extraordinary and Compelling Circumstances

Defendant's Motion argues that "the conditions of [the defendant's] confinement during the covid-19 [sic] pandemic have resulted in a sentence that was more severe than the Court could have contemplated when it originally sentenced him." Mot., ECF 61 at 1. Defendant's allegations do not constitute extraordinary and compelling circumstances. *See* 18 U.S.C. § 3582(c)(1).

For a motion for compassionate release to satisfy this high bar, Defendant must present information about his individual health, family situation, rehabilitation, or danger to the community. *Cf.* U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1, n.3, n.4 (U.S. Sent'g Comm'n 2021); *see United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (explaining that § 1B1.13 "may inform a district court's discretion," but is "not binding.") (citation omitted). But generalized issues with a sentence—that is, complaints any inmate could have about prison conditions—do not rise to the level of "extraordinary and compelling circumstances." *See United States v. Navarette-Aguilar*, No. 3:12-cr-00373-HZ-1, 2022 U.S. Dist. LEXIS 123853, at *2–3 (D. Or. July 8, 2022) (citation omitted). Furthermore, motions criticizing prison conditions during the COVID-19 pandemic are not specific and individualized enough to satisfy the extraordinary and compelling circumstances test. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread,"); *see also, e.g.*, *United States v. Nawaz*, No. 16 Cr. 431(AT), 2021 WL 664128, at *2

(S.D.N.Y. Feb. 19, 2021); *United States v. Lischewski*, No. 18-cr-00203-EMC-1, 2020 WL 6562311, at *2 (N.D. Cal. Nov. 9, 2020).

Defendant has not presented any information specific to his own circumstances. Any inmate at FCI Sheridan could say what Defendant has said about the conditions there—indeed, many have through similarly worded motions. *See* U.S. Resp., ECF 62 at 6 n.2. "Every prisoner in the facility and other BOP facilities is subject to . . . similar conditions brought about by the COVID-19 pandemic; [Defendant] has not explained why he should be given special or unique treatment." *Lieschewski*, 2020 WL 6562311, at *2. Accordingly, this Court holds that Defendant has not presented extraordinary and compelling circumstances.

**B. The Sentencing Factors**

Defendant argues that there are "circumstances unforeseen by" this Court that require a reduction in his sentence under the sentencing factors. Mot., ECF 61 at 1. This Court disagrees. When it sentenced Defendant in May 2023, this Court took full account of Defendant's presentence report, both sides' representations, the applicable sentencing guidelines, and pandemic-related conditions. Defendant has not presented any new information to this Court.

The Government argues that Defendant's criminal history, which involves several instances of possessing and using firearms, requires denial of Defendant's motion. U.S. Resp., ECF 62 at 9. Prior to his current term of imprisonment, Defendant was convicted of Unlawful Use of a Weapon in 2008, Felon in Possession of a Firearm in 2013, and Possession with Intent to Distribute Cocaine Base in 2014. PSR, ECF 52 ¶¶ 49–51. And Defendant was on probation for his 2008 offense at the time of his 2012 arrest and was on probation for the 2012 arrest during his 2013 arrest. *Id.* The Government claims that a reduction in sentence despite these facts would upset the 18 U.S.C. § 3553(a) sentencing factors. U.S. Resp., ECF 62 at 8–11. This Court agrees.

Accordingly, any change to Defendant's sentence would be inconsistent with the sentencing guidelines.

## CONCLUSION

Defendant has not given any individualized reasons to reduce his sentence. And Defendant has not presented any new information to this Court relevant to the sentencing guidelines. Accordingly, this Court DENIES Defendant's Motion to Reduce Sentence, ECF 61.

**IT IS SO ORDERED.**

DATED this 27th day of September, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge